E-FILED
Thursday, 07 October, 2004  04:15:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
OCT - 6 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL HOUSE OF PANCAKES, INC., and IHOP PROPERTIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MOHAMMED SHARAF,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CAUSE NO. 04-1345 |

## COMPLAINT

International House of Pancakes, Inc., and IHOP Properties, Inc., (collectively, "IHOP") for their complaint against defendant Mohammed Sharaf ("Sharaf") allege:

### Parties, Jurisdiction And Venue

1. International House of Pancakes, Inc. is a Delaware corporation with its principal place of business in Glendale California. IHOP Restaurants, Inc. has been merged into International House of Pancakes, Inc.

2. IHOP Properties, Inc. is a California corporation with its principal place of business in Glendale, California.

3. IHOP is a well-known restaurant owner and franchisor throughout the United States specializing in pancakes and breakfast food.

4. Sharaf is an individual who, on information and belief, is a resident and citizen of the State of Illinois. Sharaf is an IHOP franchisee who operates two IHOP restaurants, which are located in Bloomington and Peoria, Illinois.

5. Sharaf is in default of his franchise obligations and, therefore, IHOP has terminated Sharaf as a franchisee.

6. IHOP's causes of action arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§1051 *et seq.* This Court has jurisdiction over these claims under 15 U.S.C. §1121, 28 U.S.C. § 2201, 28 U.S.C. § 1331 and §1338(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the events and omissions giving rise to the claim occurred in the Central District of Illinois, Peoria Division

## The Parties' Relationship and Agreements

### The 5429 Franchise

8. On December 4, 2002, IHOP and Sharaf entered into a franchise agreement whereby Sharaf would operate an IHOP restaurant located at 2109 E. Empire Street, Bloomington, Illinois, known as IHOP No. 5429 (the "5429 Franchise Agreement"). A true and correct copy of the 5429 Franchise Agreement is attached as Exhibit 1.

9. On December 4, 2002, Sharaf executed a sublease in favor of IHOP of the premises located at 2109 E. Empire Street, Bloomington, Illinois, whereby Sharaf subleased the

premises from IHOP (the "5429 Sublease"). A true and correct copy of the 5429 Sublease is attached as Exhibit 2.

10. On December 4, 2002, Sharaf executed an equipment lease in favor of IHOP whereby Sharaf leased equipment in connection with the operation of IHOP No. 5429 (the "5429 Equipment Lease"). A true and correct copy of the 5429 Equipment Lease is attached as Exhibit 3.

### The 5412 Franchise

11. On April 23, 2002, IHOP and Sharaf entered into a franchise agreement whereby Womack would operate an IHOP restaurant located at 5012 Big Hollow Road, Peoria, Illinois, known as IHOP No. 5412 (the "5412 Franchise Agreement"). A true and correct copy of the 5412 Franchise Agreement is attached as Exhibit 4.

12. On April 23, 2002, Sharaf executed a sublease in favor of IHOP of the premises located at 5012 Big Hollow Road, Peoria, Illinois, whereby Sharaf subleased the premises from IHOP (the "5412 Sublease"). A true and correct copy of the 5412 Sublease is attached as Exhibit 5.

13. On April 23, 2002, Sharaf executed an equipment lease in favor of IHOP whereby Sharaf leased equipment in connection with the operation of IHOP No. 5412 (the "5412 Equipment Lease"). A true and correct copy of the 5412 Equipment Lease is attached as Exhibit 6.

Notices of Default and to Quit

14. On July 1, 2004, IHOP sent Sharaf, by certified mail, return receipt requested, a Notice of Default and to Quit Premises, addressed to Sharaf at IHOP No. 5429, 2109 E. Empire Street, Bloomington, Illinois, 61704 (the "5429 July 2004 Notice"). A true and correct copy of the 5429 July 2004 Notice is attached as Exhibit 7.

15. In the 5429 July 2004 Notice, IHOP notified Sharaf that pursuant to the 5429 Franchise Agreement, the 5429 Sublease, and the 5429 Equipment Lease (together, the "5429 Franchise Documents"), Sharaf was in default of the terms, conditions and obligations of the 5429 Franchise Documents in that he had failed to make the payments totaling $21,771.36, comprised of the following specific amounts, as of June 27, 2004: Base Rent ($12,000.00); Equipment Rent ($3,300.00); Franchise Royalty Fees ($4,419.83); Franchise Fee ($2,2791.16); National Advertising Fees ($982.17); Co-Op Advertising Fees ($1,964.36); Taxes (NSF Check) ($399.99) minus payments received of ($4,535.90).

16. IHOP enclosed with the 5429 July 2004 Notice an itemization of Sharaf's indebtedness, and requested that he cure the failure to make payments within seven days. In the event that Sharaf failed to make payment within seven days, IHOP gave notice of its election to terminate, without further notice, the 5429 Franchise Documents.

17. Sharaf failed to cure the defaults that IHOP identified in the 5429 July 2004 Notice within seven days. Therefore, by July 8, 2004, the 5429 Franchise Documents were automatically terminated.

18.     Notwithstanding termination of the 5429 Franchise Documents, Sharaf has continued since that time to hold out IHOP #5429 as an authorized IHOP franchise location, giving the public the false impression that Sharaf and his restaurant are directly or indirectly affiliated with IHOP, and continuing to use IHOP's trademarks, trade secrets, methods of operation, goodwill and other protected property without any authorization from IHOP whatsoever.

19.     On July 1, 2004, IHOP sent Sharaf, by certified mail, return receipt requested, a Notice of Default and to Quit, addressed to Sharaf at IHOP No. 5412, 5012 Big Hollow Road, Peoria, Illinois, 61615 (the "5412 July 2004 Notice"). A true and correct copy of the 5412 July 2004 Notice is attached as Exhibit 8.

20.     In the 5412 July 2004 Notice, IHOP notified Sharaf that pursuant to the 5412 Franchise Documents, Sharaf was in default of the terms, conditions and obligations of the 5412 Franchise Documents in that he had operated the franchise in unsatisfactory and substandard practices, failed an operational performance review, and failed to maintain and operate the premises in compliance with IHOP's standard procedures, policies, rules and regulations.

21.     IHOP enclosed with the 5412 July 2004 Notice the performance review of the restaurant. In the event that Sharaf failed to comply with all the terms and conditions of the 5412 Franchise Documents within seven days, IHOP gave notice of its election to terminate, without further notice, the 5412 Franchise Documents.

22.     Sharaf failed to cure the defaults that IHOP identified in the 5412 July 2004 Notice within seven days. Therefore, by July 8, 2004, the 5412 Franchise Documents were automatically terminated.

23.    Notwithstanding termination of the 5412 Franchise Documents, Sharaf has continued since that time to hold out IHOP #5412 as an authorized IHOP franchise location, giving the public the false impression that Sharaf and his restaurant are directly or indirectly affiliated with IHOP, and continuing to use IHOP's trademarks, trade secrets, methods of operation, goodwill and other protected property without any authorization from IHOP whatsoever.

## IHOP AND THE TRADEMARKS AT ISSUE

24.    IHOP has adopted and used in interstate commerce certain trademarks (the "Marks"), which have been registered with the United States Patent and Trademark Office in connection with its operation of company-owned and franchised restaurants:

| REGISTRATION NO., | DATE OF REGISTRATION |
|---|---|
| 988,592 | July 16, 1974 |
| 1,001,167 | January 7, 1975 |
| 1,845,247 | July 12, 1994 |
| 1,857,998 | October 11, 1994 |
| 1,945,741 | January 2, 1996 |
| 2,015,146 | November 12, 1996 |
| 2,015,147 | November 12, 1996 |

25.    IHOP has used the Marks to identify its business activities and products in interstate commerce in connection with company-owned and franchised restaurants, and the Marks are intended to distinguish IHOP's activities in this regard from those who are not so authorized. In addition, IHOP has prominently displayed the Marks in its advertising materials.

IHOP has acquired a valuable reputation and goodwill among the public as a result of such consumer association. The Marks have developed a secondary meaning associating them with IHOP.

26. IHOP's Marks are, to this day, prominently utilized and displayed at IHOP #5429 and IHOP #5412, notwithstanding the termination of Sharaf's association with IHOP and termination of his license to use the Marks. Moreover, Sharaf fails and, refuses to comply with his obligations upon termination of the Franchise Documents. Under Section 15.01 of the Franchise Agreement these include, without limitation, the requirement that Sharaf immediately discontinue the use of the Marks, and that Sharaf not continue to operate or do business under any name or in any manner that might tend to give the public the impression that she is directly or indirectly associated, affiliated, franchised, or licensed by or related to IHOP.

FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement)
(15 U.S.C. §1114)

27. IHOP incorporates by reference each allegation contained in Paragraphs 1 through 26 as if fully set forth herein.

28. IHOP, as the owner of all right, title and interest in and to the Marks, has standing to maintain an action for trademark infringement under the Federal Trademark Statute, Lanham Act §32(1) (15 U.S.C. § 1114(1)).

29. From and after July 8, 2004, Sharaf has, without IHOP's consent, used a reproduction, counterfeit, copy, and/or colorable imitation of IHOP's Marks in commerce on or in connection with the sale, offering for sale, distribution and/or advertising of goods and services. Sharaf has done so by operating IHOP restaurants at the franchise location following

termination of the Franchise Documents, and by prominently displaying the Marks in the operation of his business. Such use of the Marks in interstate commerce, without IHOP's permission or authority, creates a likelihood of confusion and mistake and deceives the public as to Sharaf's status as a franchisee, and is so intended by Sharaf.

30. The foregoing conduct has confused, and is likely to confuse, the public into believing that Sharaf's operation of an IHOP restaurant at the. franchise location is authorized by IHOP.

31. IHOP has no plain, speedy, and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trademark infringement by Sharaf. Unless an injunction is granted, Sharaf will continue to infringe the Marks and cause irreparable injury to IHOP from loss of profits and deprivation of the goodwill associated with the Marks.

## SECOND CLAIM FOR RELIEF

(Federal Unfair Competition)
(15 U.S.C. §1125(a))

32. IHOP incorporates by reference each allegation contained in Paragraphs 1 through 31 as if fully set forth herein.

33. Sharaf has, without authorization, used in commerce IHOP's Marks and other identifying information, and/or has made false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Sharaf with IHOP, and/or as to the origin, sponsorship, or approval of Sharaf's goods or services, or commercial activities.

34. Sharaf's acts have been committed with knowledge of IHOP's exclusive rights and goodwill, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

35. The foregoing conduct has confused, and is likely to confuse, the public into believing that Sharaf's operation of an IHOP restaurant at the franchise location is authorized by IHOP.

36. IHOP has no plain, speedy, and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trademark infringement by Sharaf. Unless an injunction is granted, Sharaf will continue to infringe the Marks and cause irreparable injury to IHOP from loss of profits and deprivation of the goodwill associated with the Marks.

### THIRD CLAIM FOR RELIEF

(Specific Performance)

37. IHOP incorporates by reference each allegation contained in Paragraph 1 through 36 as if fully set forth herein.

38. Paragraph 8.09 of the Franchise Agreement provides, in pertinent par: "Upon the expiration or termination of this Agreement for any reason, Franchisee shall deliver and surrender up to Franchisor or its Affiliate any and all manuals, Bulletins, instruction sheets, forms, marks, devices, Trademarks, and the possession of any physical objects bearing or containing any of said Trademarks, and shall not thereafter use any of the same or any such Trademarks or Trade Secrets; . . ."

39. IHOP has no plain, speedy, and adequate, remedy at law and is suffering irreparable injury as a result of the refusal of Sharaf to comply with the foregoing provisions of the Franchise Agreement.

40. IHOP is therefore entitled to specific performance of the foregoing provisions of the Franchise Agreement.

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief) (28 U.S.C. §2201)

41. By virtue of the matters alleged herein, an actual controversy within the jurisdiction of this Court exists between the parties as to their respective rights, obligations and other legal relations. IHOP contends:

    a. The Franchise Agreement has been terminated pursuant to the Notice of Default based on Sharaf's failure to comply with the requirements of the Franchise Documents and his refusal to cure the defaults set forth in the Notice of Default;

    b. Sharaf is obligated to cease operating an IHOP restaurant at the franchise location and to comply with the provisions of the Franchise Documents concerning the duty of the franchisee following termination of the franchise to discontinue the use of IHOP's Marks, methods of operation, and goodwill, to cease the operation of an IHOP restaurant, and to surrender to IHOP all physical objects bearing or containing any of said Marks;

    c. IHOP is entitled to obtain injunctive relief without prejudice to IHOP's right to compel arbitration pursuant to Paragraph 13.01 of the Franchise Agreement.

42. IHOP is informed and believes, and thereon alleges, that Sharaf contends to the contrary.

43. A judicial declaration is necessary and appropriate at this time, in order that the parties may ascertain their respective rights, obligations and other legal relations. with regard to the Franchise Documents; IHOP #5492 and IHOP #5412, and the duty of Sharaf to cease his ongoing, harmful use of IHOP's trademarks, trade secrets, methods of operation, goodwill and other protected property, to the confusion and deceit of the consuming public and in derogation of IHOP's rights.

WHEREFORE, IHOP prays for judgment in its favor and against Sharaf as follows:

1. For injunctive relief, including a temporary restraining order and preliminary and permanent injunctive relief, enjoining and restraining Sharaf, his agents and employees, and all those acting in concert with them, from, *inter alia,* using IHOP's Marks in any way, including without limitation by operating an IHOP restaurant at 2109 E. Empire Street, Bloomington, Illinois, and the IHOP restaurant at 5012 Big Hollow Road, Peoria, Illinois, 61615, or any other location;

2. That IHOP be awarded damages in excess of $100,000.00;

3. That the Court enter a decree of specific performance of the provisions set forth in the Third Claim for Relief in this Complaint;

4. For a declaration in accordance with the matters alleged in the Fourth Claim for Relief in this Complaint;

5. For attorneys' fees as may be allowed by law;

6. For all other relief the Court deems equitable and just.

          INTERNATIONAL HOUSE OF PANCAKES, INC. and
          HOP PROPERTIES, INC., Plaintiffs

By _____
          Matthew B. Smith
          QUINN, JOHNSTON, HENDERSON & PRETORIUS
          Its Attorneys

Matthew B. Smith
Quinn, Johnston, Henderson & Pretorius
227 N.E. Jefferson Street
Peoria, Illinois 61602
Telephone: (309) 674-1133
Facsimile: (309) 674-6503

Marc S. Silver
Barnes & Thornburg
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 214-8321
Facsimile: (312) 759-5646

Attorneys for Plaintiffs
International House of Pancakes, Inc. and
IHOP Properties, Inc.

CHDS01 MYS 231863v1

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
International House of Pancakes, Inc.
and IHOP Properties, Inc.

**DEFENDANTS**
Mohammed Sharaf

RECEIVED OCT - 6 2004 U.S. CLERK'S OFFICE PEORIA, ILLINOIS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Los Angeles County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Matthew B. Smith
Quinn, Johnston, Henderson & Pretorius
227 N.E. Jefferson, Peoria, IL 61602
309/674-1133

**ATTORNEYS (IF KNOWN)**
Dorian LaSaine, 456 Fulton, Suite 210, Peoria, IL 61602; 309/674-6331
Stephen H. Vogel, 416 Main, Suite 1000, Peoria, IL 61602; 309/ 676-5533

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This case is an action by IHOP for breach of franchise agreement and improper use of trademarks. 15 U.S.C. Sec. 1051; 15 U.S.C. Sec. 1121, 28 U.S.C. Secs.2201, 1331, 1338 and

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** Excess of $100,000   CHECK YES only if demanded in complaint: 1367.  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/6/04   SIGNATURE OF ATTORNEY OF RECORD